Lincoln D. Bandlow, Esq. (CA #170449)
Fox Rothschild LLP
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Tel.: (310) 598-4150
Fax: (310) 556-9828
lbandlow@foxrothschild.com

*Attorneys for Plaintiff*
Strike 3 Holdings, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOE subscriber assigned IP address 73.192.163.54, <br><br> Defendant. | Case Number: 2:18-cv-02205-MCE-CKD <br><br> **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |

Strike 3 Holdings, LLC ("Plaintiff") hereby respectfully files its response to this Court's Order to Show Cause [Dk. 11] for "why the court should not impose $250 in sanctions based on its failure to follow the Court's previous order" and respectfully states as follows:

1. Plaintiff has filed several copyright infringement cases in the United States District Court for the Eastern District of California against individual John Doe subscribers, each assigned a unique IP address ("Defendants").

2. Since Defendants are initially only known to Plaintiff by their IP addresses, in each case, Plaintiff files an *Ex Parte* Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. This Court has granted Plaintiff's motions, subject to certain limitations and conditions. Specifically, this Court instructs Plaintiff to file a status report no later than 45 days from the date of that order.

3. Recently, Plaintiff has encountered issues with its calendaring procedure for its cases within the Eastern District of California. As a result, Plaintiff has missed a number of status report deadlines. Recently, this Court entered show cause orders in the following cases: *Strike 3 Holdings, LLC v. Doe*, No. CV 18-00587-MCE-CKD (E.D. Cal. Nov. 9, 2018) [Dkt. 13]; *Strike 3 Holdings, LLC v. Doe*, No. CV 18-01663-MCE-CKD (E.D. Cal. Nov. 9, 2018) [Dkt. 10]; *Strike 3 Holdings, LLC v. Doe*, No. CV 2:18-01667-MCE-CKD (E.D. Cal. Nov. 9, 2018) [Dkt. 9]; *Strike 3 Holdings, LLC v. Doe*, No. CV 18--01677-MCE-CKD (E.D. Cal. Nov. 9, 2018) [Dkt. 10]. In light of those orders, Plaintiff began working with information technology professionals to address its calendaring procedure and protocol to ensure that it received *all* alerts for this Court's deadlines. However, it has become apparent that the problem has not yet been resolved. Indeed, as evidenced by the Court's recent show cause orders entered in this as well as other cases, Plaintiff has again inadvertently missed a number of status report deadlines in its cases before this Court. This was, in part, because of its lack of adequate staff to ensure deadlines are covered over the holidays, coupled with additional technological issues related to receiving emails and notifications regarding calendaring deadlines. Plaintiff assures the Court that it has *never* intentionally disregarded the Court's deadlines.

4.      Plaintiff sincerely apologizes to the Court for this error.  Additionally, because of Plaintiff's repeat errors, it will not file any new cases in this District until it fully consults with technical professionals, updates its system, receives assurances that all technical calendaring problems have been resolved, and ensures it has properly trained personnel to carefully comply with each Court order.

5.      "In reviewing sanctions under the court's inherent power [the Ninth Circuit has] consistently focused on bad faith." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).  And, "mere recklessness, without more, does not justify sanctions under a court's inherent power." *Id*. at 993–94; *Zambrano v. City of Tustin*, 885 F.2d 1473, 1483 (9th Cir. 1989) (Court vacated the sanctions, holding that the district court may not sanction mere inadvertent conduct).  "A specific finding of bad faith, however, must precede any sanction under the court's inherent powers."  *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986), *citing Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455, 2465, 65 L.Ed.2d 488 (1980).  Plaintiff respectfully submits that this error was not made in bad faith.  As the Court recently pointed out, Plaintiff filed a motion to extend the status report deadline in ten of its cases before this Court. *Strike 3 Holdings, LLC v. John Doe*, No. CV 1:18-01076-MCE-CKD (E.D. Cal. Jan. 2, 2019) [Dkt. 13] ("Inexplicably, plaintiff requested an extension of the time in only ten of the fifteen above-cited cases.").  Indeed, it makes no sense that Plaintiff would selectively comply with only some of the Court's status report deadlines.  This oddity illustrates that Plaintiff's error was unintentional.  Further, Plaintiff's good-faith intent to correct this internal technical and personnel issue is supported by the fact that Plaintiff has not filed a case in the Eastern District of California since November 29, 2018.  Accordingly, sanctions are not warranted.  If the Court is inclined to enter sanctions against Plaintiff, Plaintiff respectfully requests that it be permitted to appear at a hearing.  Plaintiff respectfully requests that such a hearing be set for Wednesday, February 20, 2019 in light of the scheduling issues set forth in Plaintiff's recent filings before this Court.[1]

---

[1] This Court has scheduled hearings for Plaintiff to appear on January 30, 2019 at 10:00 AM with respect to other cases where the Court entered show cause orders.  However, Plaintiff's Counsel is unavailable on this day.

2

Plaintiff's Response to Order to Show Cause
Case No. 2:18-cv-02205-MCE-CKD

6. Plaintiff sincerely apologizes to the Court for this error and any inconvenience it caused.

7. In this matter, Plaintiff received Defendant's identity on or around January 7, 2019. Defense counsel immediately contacted Plaintiff and the parties were able to resolve this case. A voluntary dismissal with prejudice is being filed contemporaneously with the instant response in this case.

Date: 1/18/2019							FOX ROTHSCHILD LLP

								Respectfully submitted,

								By: /s/ *Lincoln Bandlow*
								Lincoln Bandlow, Esq.
								FOX ROTHSCHILD LLP

								*Attorney for Plaintiff*
								Strike 3 Holdings, LLC

---

After conferring with the Courtroom Deputy, Plaintiff filed a Motion to Continue the hearings to February 20, 2019. *See Strike 3 Holdings, LLC v. Doe*, No. CV 18-01076-MCE-CKD (E.D. Cal. Jan. 17, 2019) [Dkt. 17]; *Strike 3 Holdings, LLC v. Doe*, No. CV 18-01080-MCE-CKD (E.D. Cal. Jan. 17, 2019) [Dkt. 17]; *Strike 3 Holdings, LLC v. Doe*, No. CV 18-01075-MCE-CKD (E.D. Cal. Jan. 17, 2019) [Dkt. 17]; *Strike 3 Holdings, LLC v. Doe*, No. CV 18-01089-MCE-CKD (E.D. Cal. Jan. 17, 2019) [Dkt. 17]; *Strike 3 Holdings, LLC v. Doe*, No. CV 18-01304-MCE-CKD (E.D. Cal. Jan. 17, 2019) [Dkt. 12].